IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK and LESLIE VENEZIA, ) | |
| ) | Case No. 03C 7225 |
| Plaintiffs, ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| GOTTLIEB MEMORIAL HOSPITAL, INC., ) | Magistrate Judge Denlow |
| a not-for-profit Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

TO:  Stanley H. Jakala
     3219 Maple Avenue
     Berwyn, IL 60402

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on Monday, January 5, 2004 at 1:00 p.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable John W. Darrah, or any judge sitting in his stead, in the courtroom usually occupied by him, in the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Room 1203, Chicago, Illinois, and then and there present Defendant *Gottlieb Memorial Hospital's Rule 12(b)(6) Motion to Dismiss and Memorandum of Law in Support* thereof, a copy of which was served upon you on December 15, 2003 via First Class U.S. Mail.

GOTTLIEB MEMORIAL HOSPITAL

By: _____
One of Its Attorneys

Stephanie L. Dodge
STICKLER & NELSON
333 W. Wacker Drive, Suite 1720
Chicago, Illinois 60606
Telephone: (312)795-4600
Fax: (312) 795-4606

O:\10964\011\COURT DOCS\Notice of Motion.wpd

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing *Notice of Motion* to be served upon counsel for Plaintiff at the following address:

> Stanley H. Jakala
> 3219 Maple Avenue
> Berwyn, Illinois 60402

via First Class U.S. Mail, properly addressed with prepaid postage, on December 15, 2003.

_____
Stephanie L. Dodge
Attorney for Defendant
Gottlieb Memorial Hospital

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK and LESLIE VENEZIA, ) | |
| ) | Case No. 03C 7225 |
| Plaintiffs, ) | |
| ) | Judge John W. Darrah |
| v. ) | |
| ) | |
| GOTTLIEB MEMORIAL HOSPITAL, INC., ) | Magistrate Judge Denlow |
| a not-for-profit Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT GOTTLIEB MEMORIAL HOSPITAL'S
### RULE 12(b)(6) MOTION TO DISMISS

Defendant Gottlieb Memorial Hospital (hereinafter referred to as "the Hospital"), moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the above-referenced Complaint in its entirety. In support of its Motion, Gottlieb Memorial Hospital submits the attached Memorandum of Law in Support of 12(b)(6) Motion and further states as follows:

1. On October 14, 2003, Plaintiffs Leslie and Frank Venezia filed the instant Complaint against Gottlieb Memorial Hospital, alleging that the Hospital created a hostile work environment and discriminated against both Frank and Leslie Venezia on account of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5 ("Title VII"). Plaintiffs Frank and Leslie Venezia are married and former employees of Gottlieb Memorial Hospital.

2. Plaintiffs Frank and Leslie Venezia fail to allege a cause of action under Title VII where both sexes suffered harassment and/or discrimination.

1

3.   Plaintiffs Frank and Leslie Venezia also fail to allege a cause of action for sex discrimination under Title VII because neither individual suffered an adverse employment action.

4.   Plaintiff Leslie Venezia fails to allege sexual harassment or discrimination under Title VII based upon conduct which her husband allegedly suffered at work. Consequently, Plaintiff Leslie Venezia should be dismissed as a plaintiff to the Complaint.

5.   Plaintiffs claim for lost earnings and pension benefits should be stricken from the Complaint because they fail to allege facts or law which would entitle them to such relief.

WHEREFORE, for the reasons stated above and in the attached Memorandum of Law, Defendant, Gottlieb Memorial Hospital, respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice.

Dated: December 15, 2003

Respectfully submitted,

GOTTLIEB MEMORIAL HOSPITAL

By: _____
One of Its Attorneys

Mark D. Nelson - ARDC No. 06183388
Stephanie L. Dodge - ARDC No. 6215978
STICKLER & NELSON
333 West Wacker Drive
Suite 1720
Chicago, Illinois 60606
(312) 795-4600 (telephone)
(312) 795-4606 (facsimile)

O:\10964\011\CORR\sld-Motion to Dismiss(12-15-03).wpd

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing Defendant Gottlieb Memorial Hospital's 12(b)(6) Motion to Dismiss to be served upon counsel for Plaintiff at the following address:

> Stanley H. Jakala
> 3219 Maple Avenue
> Berwyn, Illinois 60402

via First Class U.S. Mail, properly addressed with prepaid postage, on December 15, 2003.

_____
Stephanie L. Dodge
Attorney for Defendant
Gottlieb Memorial Hospital

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK and LESLIE VENEZIA, ) | |
| ) | Case No. 03C 7225 |
| Plaintiffs, ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| GOTTLIEB MEMORIAL HOSPITAL, INC., ) | Magistrate Judge Denlow |
| a not-for-profit Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF 12(b)(6) MOTION TO DISMISS**

Defendant Gottlieb Memorial Hospital (hereinafter "Gottlieb" or "Hospital"), submits this Memorandum of Law in support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss.

**I.   INTRODUCTION**

Gottlieb Memorial Hospital is a not-for-profit hospital providing acute care health services in Melrose Park, Illinois. (Complaint, Paragraph 2 (hereinafter referred to as "Comp. ¶ __")). Plaintiffs Frank and Leslie Venezia are married and former employees of Gottlieb Memorial Hospital. (Comp. ¶¶ 1-2). On October 14, 2003, the Plaintiffs filed the instant Complaint against Gottlieb Memorial Hospital, alleging that Gottlieb Memorial Hospital created a hostile work environment and discriminated against both Frank and Leslie Venezia on account of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5 ("Title VII").

The Complaint is insufficient as a matter of law and should be dismissed in its entirety. First, Gottlieb Memorial Hospital cannot be liable for harassment or discrimination on account of sex when both Plaintiffs are of different sexes. Second, neither Plaintiff can establish an adverse

employment action necessary to support a sex discrimination claim. Further, Plaintiff Leslie Venezia should be dismissed as a plaintiff because she fails to assert an independent claim for hostile work environment harassment and sex discrimination under Title VII -- she relies entirely on conduct *her husband* allegedly suffered. Lastly, Plaintiffs are not entitled to lost wage and pension benefit damages because they fail to sufficiently allege a cause of action under Title VII which would entitle them to such relief.

## II.     ALLEGATIONS OF COMPLAINT

Plaintiff Frank Venezia was employed by Gottlieb Memorial Hospital to work in its maintenance department.[1] He claims that from May 1, 2001 to February 25, 2002, he was subjected to coworker conduct which included receipt of nude photographs (male and female) and derogatory notes, statements and references about him and his wife (Plaintiff Leslie Venezia). (Comp. Count I, Part D, ¶¶ 7(a) - (bb)). Plaintiff Frank Venezia reported the conduct to the Hospital's Human Resources Department. (Comp. Count III, Part D, ¶ 7(e)). The Hospital conducted an investigation but failed to take corrective action. (Comp. Count I, Part D, ¶ 12). Frank Venezia alleges that the coworker conduct created a hostile work environment in violation of Title VII (Count I) and that he was discriminated against on the basis his sex (male) by the Hospital's failure to take corrective action based upon the coworker conduct. (Count II).

Plaintiff Leslie Veneza was also employed by Gottlieb Memorial Hospital as education director of its daycare center (Comp. Count III, Part D, ¶ 7(a)). On December 4, 2001, she discovered "vulgar notes and photographs" which her husband (Frank Venezia) had received

---

[1] Plaintiff resigned his employment in October 24, 2002 because the Hospital would not extend him a medical leave of absence with a job guarantee. (Comp. Count I, Part D, ¶¶ 8-11).

from his coworkers. (Comp. Count III, Part D, ¶ 7(e)). Leslie Venezia accompanied her husband to report the notes and photographs to the Hospital's Human Resources Department. (Complaint, Count III, Part D, ¶ 7(e)). The Hospital conducted an investigation but failed to take corrective action. (Complaint, Count III, Part D, ¶ 8). Additionally, Leslie Venezia alleges that in retribution for her refusal to terminate an employee, her husband's coworker, Jim Klein ("Klein"), told Hospital employees that she (Leslie Venezia) had sat on his lap. (Comp. Count III, Part D, ¶¶ 7(c)-(d)). Leslie Venezia further alleges that her tires were slashed when she complained about $35 being taken from a coworker's office. (Comp. Count III, Part D. ¶ 7(d)). Leslie Venezia alleges she was subject to a hostile work environment in violation of Title VII (Count III) and discriminated against on the basis her sex (female) by the Hospital's failure to undertake corrective action. (Count IV).[2]

### III. ARGUMENT

#### A. Plaintiffs Frank and Leslie Venezia fail to allege a cause of action under Title VII where both sexes suffered harassment and/or discrimination.

Title VII prohibits an employer from harassing or discriminating against an employee "because of [the employee's] sex." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); 42 U.S.C. § 2000e-2(a)(1). Here, Frank and Leslie Venezia base their respective hostile work environment and discrimination claims upon the same underlying facts -- namely, (1) the "vulgar notes and pictures" that Frank Venezia received from coworkers from May, 2001 to February, 2002; and (2) the Hospital's failure to take corrective action against Frank Venezia's coworkers. Because both Plaintiffs allege sex harassment and

---

[2] Plaintiff Leslie Venezia also resigned her employment on July 12, 2002. (Comp. Count III, Part D, ¶ 7(k)).

3

discrimination on the basis of gender, neither can establish that the harassment or discrimination occurred "because of sex." "[B]ecause Title VII is premised on eliminating *discrimination*, inappropriate conduct that is inflicted on both sexes, or is inflicted regardless of sex, is outside the statute's ambit." See *Holman v. State of Indiana*, 211 F.3d 399, 403 (7th Cir. 2000). "Title VII does not cover the 'equal opportunity' or 'bisexual' harasser, then, because such a person is not discriminating on the basis of sex. He is not treating one sex better (or worse) than the other; he is treating both sexes the same (albeit badly)." *Id.*; *See also Pasqua v. Metropolitan Life Ins. Co.*, 101 F.3d 514, 517 (7th Cir. 1996). ("Harassment that is inflicted without regard to gender, that is, where males and females in the same setting do not receive disparate treatment, is not actionable because the harassment is not based on sex."). Consequently, the Complaint should be dismissed in its entirety.

### B. Plaintiffs Frank and Leslie Venezia also fail to allege a cause of action for discrimination because neither individual suffered an adverse employment action.

To sufficiently plead a sex discrimination claim, a plaintiff must allege that he or she has suffered an adverse employment action. *Abeja-Ortiz v. Cisneros*, 882 F.Supp 124, 127 (N.D. Ill. 1995). Plaintiffs here allege only that the Hospital failed to take corrective action based upon its investigation of Frank Venezia's complaints of coworker conduct. An employer's failure to take corrective action against other employees fails to constitute an adverse employment action. *Id.* Further, any adverse employment action which Plaintiffs could otherwise allege would not be based on sex since both Plaintiffs claim to be equally affected by the Hospital's failure to act. Consequently, Plaintiffs' allegations of sex discrimination must be dismissed.

4

> C.  **Plaintiff Leslie Venezia fails to allege sexual harassment or discrimination under Title VII based upon conduct which her husband allegedly suffered at work.**

Plaintiff Leslie Venezia bases her hostile work environment claim on three incidents (1) coworker Klein stated she sat on his lap because she refused to fire Klein's co-worker; (2) her tires were slashed because she reported a $35 theft; and (3) her *husband* received "vulgar notes and photographs" at work. Plaintiff Leslie Venezia acknowledges in the Complaint that the first two incidents resulted from workplace conflicts unrelated to her sex. The remaining incidents – *her husband's* receipt of "vulgar notes and photographs" -- occurred outside of the work environment. Likewise, Plaintiff Leslie Venezia bases her sex discrimination claim on the Hospital's failure to take corrective action based upon *her husband's* complaints.

Although a complaint need not include all the evidence that would be needed to prevail at trial, a party can plead herself out of court by alleging facts which demonstrate that she has no legal claim. *Holman v. State of Indiana*, 211 F.3d 399 (7th Cir. 2000), citing *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Here, Plaintiff Leslie Venezia specifically alleges facts demonstrating that the conduct upon which she bases her hostile work environment and discrimination claims *was unrelated to her sex*. Because Plaintiff Leslie Venezia fails to allege that she was subjected to a hostile work environment or discrimination on the basis of her sex, her complaint is insufficient as a matter of law and should be dismissed. *See Abeja-Ortiz v. Cisneros*, 882 F.Supp 124, 128 (N.D. Ill. 1995).

> D.  **Plaintiffs fail to assert a cause of action entitling them to lost wage damages under Title VII.**

In Count II, Part F, ¶ 14 and Count IV, Part F, ¶ 10 Plaintiffs seek lost earnings and

5

pension benefits. Although both Plaintiffs resigned employment with the Hospital, neither has asserted facts or law which would entitle them to lost wage or pension benefit damages arising from the allegations of the Complaint. Consequently, Defendant moves that these damages be stricken from the Complaint.

## IV. CONCLUSION

For the reasons stated above, Gottlieb Memorial Hospital, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss the Complaint with prejudice and award Defendant any such other and further relief as deemed just and appropriate.

DATED: December 15, 2003

                              Respectfully submitted,

                              GOTTLIEB MEMORIAL HOSPITAL

                              By: _____
                                       One of Its Attorneys

Mark D. Nelson - ARDC No. 06183388
Stephanie L. Dodge - ARDC No. 6215978
STICKLER & NELSON
333 West Wacker Drive, Suite 1720
Chicago, Illinois 60606
(312) 795-4600 (telephone)
(312) 795-4606 (facsimile)
O:\10964\011\CORR\sld-Memo in Support Motion to Dismiss(12-15-03).wpd

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing Memorandum of Law in Support of 12(b)(6) Motion to Dismiss to be served upon counsel for Plaintiff at the following address:

>Stanley H. Jakala
>3219 Maple Avenue
>Berwyn, Illinois 60402

via First Class U.S. Mail, properly addressed with prepaid postage, on December 15, 2003.

                        Stephanie L. Dodge
                        Attorney for Defendant
                        Gottlieb Memorial Hospital