

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7225 | **DATE** | 3/17/2004 |
| **CASE TITLE** | Venezia vs. Gottlieb Memorial Hospital, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 18 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 MAR 17 PM 4:29 | MAR 1 8 2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK and LESLIE VENEZIA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 03 C 7225 |
| v. | ) |
| | ) Judge John W. Darrah |
| GOTTLIEB MEMORIAL HOSPITAL, INC., | ) |
| a not-for-profit Illinois corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Frank and Leslie Venezia, filed suit against Defendant, Gottlieb Memorial Hospital, alleging violations of Title VII, 42 U.S.C. § 2000(e)(f). Presently pending before the Court is the Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can

1

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

## BACKGROUND

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Gottlieb employed Frank Venezia as a maintenance worker. From May 1, 2001 to February 25, 2002, Mr. Venezia's coworkers subjected him to a sexually hostile work environment by conduct which included: receipt of a nude photograph of a female with a reference to his wife, nude photographs of men, derogatory notes and statements alleging Mr. Venezia obtained his job because his wife had engaged in sexual conduct with her supervisor, and other notes and statements regarding Mr. Venezia's wife and the couple's sexual relationship. Furthermore, Mr. Venezia's supervisor questioned him about his attitude and, in a subsequent maintenance department meeting, sat him in the center of the room while his coworkers commented on the problems that they had with Mr. Venezia. Mr. Venezia's coworkers also subjected him to other childish behavior, such as spitting on his belongings, not letting him sit with them at a Christmas party, not talking to him, and blaming him for damage to a bobcat vehicle.

Gottlieb employed Mrs. Venezia as the education director of its daycare center. In December 2001, Mrs. Venezia discovered the notes and photographs that her husband received from his coworkers that are discussed above. Mrs. Venezia accompanied her husband to report the notes and photographs to Gottlieb's Human Resources Department. Gottlieb conducted an investigation but

did not take corrective action. Mrs. Venezia argues that her husband's coworkers, in retribution for her refusal to terminate an employee, told Gottlieb employees that she had sat on an employee's lap. Mrs. Venezia's tires were slashed after she complained about $35.00 being taken from a coworker's office. On July 12, 2002, Mrs. Venezia resigned from Gottlieb. On October 24, 2002, Mr. Venezia resigned from Gottlieb because it would not extend him a medical leave of absence with a job guarantee.

## ANALYSIS

Mr. Venezia argues that the failure to extend him an extension of a medical leave of absence constituted a coerced resignation or firing. In addition, his coworker's conduct created a hostile work environment in violation of Title VII; and he was discriminated against on the basis of his sex by Gottlieb's failure to take corrective action of his coworker's conduct. Mrs. Venezia argues she was subject to a hostile work environment in violation of Title VII and discriminated against on the basis of her sex by Gottlieb's failure to undertake corrective action.

To establish a *prima facie* case of hostile environment sexual harassment, a plaintiff must demonstrate that: (1) he/she was subjected to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonable interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that seriously affected the psychological well-being of the plaintiff; and (4) there is a basis for employer liability. *Robinson v. Sappington*, 351 F.3d 317, 328-29 (7th Cir. 2003).

In this case, Plaintiffs have failed to establish the second prong, that the harassment was based on sex. "[B]ecause Title VII is premised on eliminating discrimination, inappropriate conduct that is inflicted on both sexes, or is inflicted regardless of sex is outside the statute's ambit."

3

*Holman v. State of Indiana*, 211 F.3d 399, 403 (7th Cir. 2000). "Harassment that is inflicted without regard to gender, that is, where males and females in the same setting do not receive disparate treatment, is not actionable because the harassment is not based on sex." *Pasqua v. Metropolitan Life Ins. Co.*, 101 F.3d 514, 517 (7th Cir. 1996).

In *Holman*, a married couple alleged that their supervisor had sexually harassed each of them individually and on separate occasions. *Holman*, 211 F.3d at 401. The plaintiffs alleged that when they rejected the supervisor's sexual solicitations, the supervisor retaliated against each of them with certain deprivations. *Holman*, 211 F.3d at 401. The court held that "because plaintiffs were alleging sexual harassment by the same supervisor, they both, as a matter of law, could not provide that the harassment occurred because of sex." *Holman*, 211 F.3d at 399.

In *Pasqua*, coworkers spread rumors that Mr. Pasqua and Mrs. Vukanic were engaged in an intimate relationship. *Pasqua*, 101 F.3d at 514. After Mr. Pasqua confronted the offender and denied the rumors, the rumors continued to be spread by both men and women. *Pasqua*, 101 F.3d at 514. Mr. Pasqua sued his employer, claiming that he had been subject to sexual harassment in having to work in a hostile work environment and that he was demoted in retaliation for complaining about the rumors. *Pasqua*, 101 F.3d at 514. The Court of Appeals affirmed the grant of summary judgment for the employer because the court found that the harassment was not based on sex. *Pasqua*, 101 F.3d at 516. The court noted that by the very nature of the gossip, both Pasqua and Vukanic were made subject matter of the gossip and that the rumors spread for a number of reasons having nothing to do with gender discrimination. *Pasqua*, 101 F.3d at 517.

Based on the above, Plaintiffs have failed to establish that the harassment was based on sex. First, the conduct that they both claim to suffer (i.e. the notes, nude photographs and comments from

4

coworkers referencing Mrs. Venezia) is similar to the type of conduct that both the *Holman* and *Pasqua* courts found insufficient to support a Title VII claim. An "equal opportunity" harasser is not covered by Title VII. *Holman*, 211 F.3d at 403. Plaintiffs try to distinguish their case from *Pasqua* by alleging that the discriminatory conduct that they were subject to was physically threatening and humiliating. However, the question is not whether the Plaintiffs were subject to conduct which was physically threatening and humiliating; the question is "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). Further, the conduct to which Mr. and Mrs. Venezia individually allege they were subjected (i.e., the tire slashing, the spitting on Mr. Venezia's personal belongings) does not support the allegation that the alleged harassment or discrimination was based on sex.

Therefore, Counts I and II are dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(6) because they are insufficient as a matter of law.

## CONCLUSION

For the foregoing reasons, Gottlieb Memorial Hospital, Inc.'s Motion to Dismiss is granted.

Dated: March 17, 2005

JOHN W. DARRAH
United States District Judge

5